UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY S. AMICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:20-cv-00094-RLW |
| JOHN CARTER, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Jeffrey S. Amick for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, plaintiff will be ordered to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who has filed a civil action naming the following defendants: John Carter; Eric Fogleman; Brian Ketcherside; the City of St. Louis Electrical Permit and Inspection Division; Barb Potts; John Does #1-3; the City of St. Louis Towing Division; Joe Unknown; and Southwestern Electric. Defendants Carter, Fogleman, Ketcherside, and Potts are sued in both their individual and official capacities. (Docket No. 1 at 7-10). Plaintiff states that diversity jurisdiction exists because the claim is for more than $75,000, and because "John Carter's

domicile is in another state." (Docket No. 1 at 10). He further alleges that this Court has federal subject matter jurisdiction based on 42 U.S.C. § 3604; the Fair Housing Act; and 42 U.S.C. § 1983. (Docket No. 1 at 10-11).

Plaintiff's complaint is typewritten on a Court-provided civil complaint form. The complaint is ninety-six pages long, including attachments. The "Statement of Claim" itself comprises fifty-five typed pages.

The complaint concerns a property that plaintiff purchased at 2401 Indiana Avenue, in St. Louis, Missouri. (Docket No. 1 at 7). Plaintiff states that he bought the property with the intent of renovating it. (Docket No. 1 at 11-12). According to plaintiff, defendant Carter is the owner of a nearby property called Jefferson Underground. (Docket No. 1 at 11). Plaintiff states that after he purchased the Indiana Avenue property, Carter asked to buy it from him. Plaintiff asserts that he offered to sell the property for fifteen thousand dollars more than the purchase price he had paid. This apparently angered Carter, who threatened plaintiff by telling him that Carter had "all kinds of friends in the city." (Docket No. 1 at 12).

Following this purported threat, plaintiff's lengthy complaint details a number of issues he began having with the City of St. Louis. To summarize, plaintiff claims that his attempt to renovate and rehabilitate his property was continually obstructed by city inspectors who required him to pull various permits, submit architectural plans, and allegedly fabricated structural issues with the building that kept plaintiff from occupying it. Plaintiff also states that he was harassed by law enforcement officers, who accused him of selling drugs. Vehicles on his property were towed, and he received "frivolous" parking tickets. He further alleges that city officials came to him, telling him to sell the property to Carter. Plaintiff also suggests that Carter used one electrical contractor as a "spy" to keep Carter apprised of plaintiff's progress. He further alleges that Carter contacted

3

a different electrical contractor and made defamatory statements. That contractor later failed to finish the job at plaintiff's property, and allegedly caused damage to the building. In short, plaintiff alleges the existence of a conspiracy against him, orchestrated by Carter.

As a result of these incidents, plaintiff seeks $9,450,000 in monetary damages. (Docket No. 1 at 5). He "also requests an ejectment action, various easement rights attached to his property[,] and declaratory relief."

## Discussion

Plaintiff is a self-represented litigant who brings this civil action against John Carter, Eric Fogleman, Brian Ketcherside, the City of St. Louis Electrical Permit and Inspection Division, Barb Potts, John Does #1-3, the City of St. Louis Towing Division, Joe Unknown, and Southwestern Electric. For the reasons discussed below, the complaint is subject to dismissal. However, the Court will provide plaintiff an opportunity to file an amended complaint.

### A. Deficiency in Complaint

Plaintiff's complaint is deficient and subject to dismissal. Pursuant to the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, plaintiff's ninety-six page complaint, which contains a fifty-five page "Statement of Claim," does not comport with this requirement. Rather than provide a short and plain statement, plaintiff's complaint is long, repetitive, and filled with irrelevant and extraneous information. More than that, substantial portions of the complaint are devoid of factual allegations. Instead, plaintiff engages in speculation, guesswork, and the making of legal arguments. Plaintiff's failure to comply with Fed. R. Civ. P. 8 makes this action subject to dismissal. *See Micklus v. Greer*, 705 F.2d 314, 317 n.3 (8th Cir. 1983).

**B. Order to Amend**

Because plaintiff is proceeding pro se, and has presented serious allegations to the Court, he will be allowed to amend his complaint according to the instructions set forth below.

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

For purposes of a 42 U.S.C. § 1983 claim, plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant. Furthermore, a § 1983 claim requires that the defendant or defendants acted under color of state law.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928

6

(8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 23rd day of June, 2020.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE